CAROLINE M. GREENE & others *vs.* WILLIAM H. ABORN, Trustee.

Who will be the heirs at law of A., at the time of the death of B., cannot be known until B.'s decease. Hence, where a trustee held property under a deed of trust which provided that upon a contingency which had happened, he should hold it for the use of C. G. during her life, and after her decease should convey and pay over all said trust estate to P. G., if then living, or if she should then have deceased, to those who would then be entitled thereto, as her heirs at law, in such proportion as they would be so entitled had she then deceased intestate, seised and possessed of the same in her own right; it was *held*, that the court could not, upon the application of said C. G., P. G., and of all the parties

who would at the time of the application be entitled to any interest under said deed as heirs at law of the said P. G. in the event of her decease, direct said trustee to convey the trust property to the said P. G., discharged of said trust, for the reason that the persons equitably entitled to the estate at the decease of the said C. G., the assent of all of whom would be necessary to accelerate the trust, could not be ascertained previous to her decease.

BILL IN EQUITY brought by the complainants praying for an account of a trust estate held by the respondent under a deed of trust from one James Russell Greene, and for a conveyance to the complainant, Polly Greene, of the trust estate, and for the removal of the respondent as trustee.

The provisions of the trust deed and the allegations of the bill are sufficiently stated in the opinion of the court.

The respondent's answer admitted the facts charged, and submitted the question to the court whether the complainants were entitled to a conveyance under the trust deed.

*Metcalf,* for the complainants, contended that the estate created by the trust deed, taken in the view most adverse to the complainants, was an equitable estate for life in the widow, and an equitable remainder in fee in Polly Greene and her heirs.

If the life tenant so elects, the trust must continue during her life, and Polly Greene could take no beneficial interest until the tenant's death. But by the R. I. Statutes of estates in real property (Rev. Stat. chap. 145, § 4), the absence of the tenant for life without due proof of her being alive, for seven years, would terminate her tenancy, and the entire estate would vest in Polly Greene. If the widow releases her interest to Polly Greene, or by any instrument which would operate as a discharge of the trustee, disclaims all interest in the estate, would not the remainder then vest in Polly Greene ? To hold otherwise would be to compel an accumulation of the trust fund against the will of all the parties in interest. Yet the case supposed is really the case made by the bill. The life tenant has in fact sold or agreed to sell her life estate, and extinguish her equitable title and interest in the trust property. The sole estate and interest remaining is that of Polly Greene, and the trustee is bound to convey to her on request the trust remaining for him to execute. 1 Cruise Dig. tit. xii. chap. 4, sec. 6 ; *Carteret* v. *Carteret,* 2 P. Wms. 132 ; Hill on Trustees, 430.

*James Tillinghast,* for the respondent.

DURFEE, J. James Russell Greene, of Warwick, by deed dated September 12, 1864, conveyed to the defendant all his real and personal estate in trust for his own use, subject to certain provisions during his life, and, upon his death, for the use of his widow and children, until the youngest child attained the age of twenty-one years, or in case of his previous death until the other children attained that age, they to divide the same as directed among such children or their descendants. In case the widow were then dead the whole to be divided, and in case she still survived, two thirds to be divided and one third to be retained for her use during her life, and to be divided as aforesaid upon her death. The deed then proceeds as follows : " And provided, further, that in case of the decease of all my children during my life, leaving no issue living at my decease, or in case of their decease after my decease, and before my youngest child who survives to attain the age of twenty-one years attains that age, leaving no issue living at the decease of the last survivor of them, then upon the decease of such last survivor of my children or upon the decease of my wife, should she survive such survivor, said trustee or trustees for the time being shall thereupon convey, transfer, and pay over all said trust estate and property to my aunt, Polly Greene, wife of Paris Greene, of Alfred, Alleghany County, in the State of New York, if then living, or if she shall then have deceased, to those who would then be entitled thereto as her heirs at law, and in such proportions as they would be so entitled had she then deceased intestate, seised and possessed of the same in her own right."

It is alleged in the bill, and not denied in the answer, that James Russell Greene died March 8, 1866, leaving one child, who died July 21, 1867, being between three and four years old, and his widow. The bill is preferred by Caroline M. Greene, the said widow, and by Mary Greene (named Polly Greene in the trust deed), whose husband is deceased, and by several other persons who, the bill alleges, " alone would be entitled to any interest under said deed as heirs at law of the said Mary, in the event of her decease."

The bill contains the following, to wit : " But your orators claim and insist that under and in accordance with the provisions of said trust deed the trusts therein created ought to terminate, and all said trust property should be conveyed, discharged from all trusts,

Greene *v.* Aborn.

to your orator, the said Mary Greene, she having entered into an agreement with your orator, the said Caroline M. Greene, for the purchase of all the said Caroline's rights and interests in the same ; or that in any event, your orator, the said Mary Greene, is entitled to a conveyance of two third parts of said property discharged from all said trusts." The bill prays relief accordingly, and for other relief on other charges in the bill.

We think we cannot now properly order the trustee to convey, discharged of the trusts, either the whole or two thirds of the trust property. The deed directs the trustee, in the contingency which has happened, to convey the trust property, upon the decease of the widow, to the said Mary Greene if then living, " or if she shall then have deceased, to those who would then be entitled thereto as her heirs at law, and in such proportions as they would be so entitled had she then deceased intestate, seised and possessed of the same in her own right." The conveyance might perhaps be accelerated with the consent of the persons who are equitably entitled during the life of the widow, and who will be so entitled at her death, if the persons who will be equitably entitled at her death could be previously known. But until the death of the widow it cannot be known who will be equitably entitled to the property then remaining. Mary Greene will be entitled if she is then living ; if she is dead, the persons who are her heirs at law, being entitled not through her by inheritance, but as persons so designated in the trust deed. But who will be her heirs at law we can only conjecture. It may be that the orators, other than the widow and Mary Greene, would be the heirs at law of Mary Greene if she were now dead ; but we cannot say as a matter of law that she will not survive them or will not have other children, or that in some other way other persons may not become her heirs at law at the time of her death. The trustee, therefore, cannot safely convey as proposed until the death of the widow, and we of course cannot direct such a conveyance.

*Decree accordingly.*